IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH WOOD, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | |
| v. | : | |
| | : | NO. 15-4404 |
| MICHAEL WERNEROWICZ, et al., | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**MARILYN HEFFLEY, U.S.M.J.**                                                                 **August 31, 2015**

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Keith Wood ("Petitioner" or "Wood"), a prisoner incarcerated at the State Correctional Institution in Graterford, Pennsylvania.  For the reasons that follow, I recommend that the petition be transferred to the United States District Court for the Western District of Pennsylvania for substantive habeas proceedings.

**I.      FACTS AND PROCEDURAL HISTORY**

On September 3, 2008, following a jury trial in the Court of Common Pleas of Allegheny County, Petitioner was found guilty on multiple criminal charges, including burglary, rape, sexual assault, and terroristic threats.[1]  Petitioner was sentenced to an aggregate term of 80 to 160 years' imprisonment.  The Pennsylvania Superior Court affirmed his judgment of sentence on January 25, 2011.  Commonwealth v. Wood, 23 A.3d 1092 (table) (Pa. Super. Ct. 2011).  The Pennsylvania Supreme Court denied Wood's petition for allowance of appeal on August 10, 2011.  Commonwealth v. Wood, 26 A.3d 1102 (table) (Pa. 2011).

---

[1]      The facts and procedural history were derived from a review of Wood's habeas petition and the public state court dockets.

Wood filed a petition for collateral review pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq., which was denied on September 24, 2013. The Pennsylvania Superior Court affirmed the denial of Wood's PCRA petition on February 4, 2015 and the Pennsylvania Supreme Court denied his petition for allowance of appeal on June 30, 2015.

Petitioner filed the present petition for writ of habeas corpus with this Court on July 23, 2015. Pet. (Doc. No. 1). Respondents have filed a motion seeking to have the petition transferred to the United States District Court for the Western District of Pennsylvania. Resp'ts' Mot. (Doc. No. 3).

## II.     DISCUSSION

Because Pennsylvania is divided into two or more federal districts, both the district where Wood was convicted and the district of confinement have concurrent jurisdiction over his federal habeas petition. 28 U.S.C. § 2241(d). Pursuant to 28 U.S.C. § 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."

Here, Petitioner was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania, which is located in the Western District of Pennsylvania. 28 U.S.C. § 118(c). He is currently confined at the Graterford State Correctional Institution in Montgomery County, Pennsylvania, which is located in the Eastern District of Pennsylvania. 28 U.S.C. § 118(a).

Therefore, both the Eastern and Western Districts of Pennsylvania have concurrent jurisdiction over his petition.

However, Section 2241(d) further provides that "the district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." In consideration of Respondents' Motion to Transfer, this Court must, therefore, determine whether the interests of justice would be best served by transferring Petitioner's habeas petition to the United States District Court for the Western District of Pennsylvania for substantive habeas proceedings.

"[T]he United States District Courts for Pennsylvania's three federal judicial districts have customarily transferred petitions of this type to the district of conviction for substantive habeas proceedings." Jones v. Wetzel, Civil No. 13-1718, 2013 WL 3381435, at *2 (M.D. Pa. July 8, 2013); see also Griffen-El v. DiGuglielmo, Civil Action No. 07-4995, 2008 WL 2513693 (E.D. Pa. June 18, 2008) (transferring case from Eastern to Western District, noting that all records of conviction and respondent are in Western District); Pagan v. Brooks, Civil Action No. 07-28, 2007 WL 3287334, at *2 (W.D. Pa. Nov. 6, 2007) (transferring case from Western to Eastern District because all records of conviction are in the Eastern District). "[T]his practice is permitted by statute, is commonplace, is endorsed by the court of appeals, achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required." Jones v. Wetzel, 2013 WL 3381435, at *2; see also In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (stating "that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the

validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses.").

Here, Wood's habeas petition challenges the underlying conviction in the Allegheny County Court of Common Pleas. Petitioner committed his crimes and was convicted in the Western District of Pennsylvania. The records pertaining to Petitioner's conviction are located in the Western District of Pennsylvania and the District Attorney of Allegheny County would be in the best position to respond to Petitioner's claims. Consequently, it is in the interests of justice to transfer this matter to the United States District Court for the Western District of Pennsylvania.

### III.   CONCLUSION

For the foregoing reasons, I find that the interests of justice dictate transferring Petitioner's habeas petition to the United States District Court for the Western District of Pennsylvania for substantive habeas proceedings. Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 31st day of August, 2015, IT IS RESPECTFULLY RECOMMENDED that Respondents' motion be granted and the petition for writ of habeas corpus be TRANSFERRED to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  The Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

*/s/ Marilyn Heffley*
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE